**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| WILLIAM H. BOOZE, IV, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 07-82-GMS |
| | ) | |
| CORRECTIONAL MEDICAL SERVICES, | ) | |
| INC., et al, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

**WARDEN THOMAS CARROLL'S RESPONSE IN OPPOSITION TO
PLAINTIFF'S APPLICATION FOR INJUNCTIVE RELIEF**

Warden Thomas Carroll, by and through undersigned counsel, hereby urges this

Honorable Court pursuant to Federal Rule of Civil Procedure Rule 65 to deny Plaintiff's

application for injunctive relief. To support this opposition for injunctive relief, Warden

Carroll responds as follows:

**FACTUAL BACKGROUNDAND PROCEDURAL HISTORY**

1.      On or about February 13, 2007 William H. Booze, IV, Plaintiff, currently

incarcerated at the Delaware Correctional Center ("DCC"), filed a *pro se* civil rights

complaint pursuant to 42 U.S.C. § 1983 against prison officials and medical care

providers. Specifically, he is suing Inmate Classification Administrator Anthony

Rendina, Staff Lieutenant James P. Satterfield, and DCC Disciplinary Hearing Officer

Ralph Heverin. In addition to naming prison officials as defendants, plaintiff identifies

several Correctional Medical Services ("CMS") medical personnel he alleges made

verbal threats against him and refused to provide medical treatment.

2.      On or about April 20, 2007, Plaintiff wrote a letter motion for injunctive

relief requiring "CMS and its staff to stop threatening and harressing (sic) me, to issue my nitro and pain-off pills." Respondent Carroll denies Plaintiff's claims of retaliation and offers this response in opposition to Plaintiff's motion seeking injunctive relief.

**LEGAL STANDARD**

3.    Federal Rules of Civil Procedure Rule 65(a) sets out the standard to bring into play injunctive relief. "[T]he grant of injunctive relief is an 'extraordinary remedy, which should be granted only in limited circumstances.'" *Instant Air Freight Co. v. C.F. Air Freight, Inc.*, 882 F.2d 797, 800 (3d Cir.1989) (quoting *Frank's GMC Truck CTR., v. Gen. Motors Corp.*, 847 F.2d 100, 102 (3d Cir. 1988)). The decision to grant or deny a motion for injunctive relief rests with the sound discretion of the district judge. *Eli Lilly & Co. v. Premo Pharmaceutical Laboratories, Inc.*, 630 F.2d 120, 136 (3d Cir. 1978).

4.    The purpose of injunctive relief is to address a presently existing threat. *Continental Group, Inc. v. Amoco Chem. Corp.*, 614 F.2d 351, 359 (3d Cir. 1980) (quoting *Holiday Inns of Am., Inc. v. B & B Corp.*, 409 F.2d 614, 618 (3d Cir. 1969). Therefore, the party seeking an injunction must demonstrate that the threatened injury is immediate.

5.    In order to grant injunctive relief, the court must be sufficiently satisfied that the party seeking relief has demonstrated a reasonable probability of success on the merits; immediate and irreparable injury will suffer if relief is denied; a grant of relief will not result in greater harm to the other party; and the public interest will be served by the grant of injunctive relief. *Clear Ocean Action v. York*, 57 F.3d 328, 331 (3d Cir. 1995); *Maldonado v. Houstoun*, 157 F.3d 179, 184 (3d Cir. 1998). "All four preliminary injunction factors should favor preliminary relief before injunction will issue." *S & R*

*Corp. v. Jiffy Lube Inter., Inc.*, 968 F.2d 371, 374 (3d Cir. 1992).

**PLAINTIFF CANNOT SHOW LIKELIHOOD OF SUCCESS ON THE MERITS OF THE RETALIATION CLAIM**

6.     The United States Court of Appeals for the Third Circuit defined the elements of a prisoner's cause of action for retaliation and the burden he must carry to succeed on that claim. *See Rauser v. Horn,* 241 F.3d 330 (3d Cir. 2001). The court established a three prong test to determine whether retaliation has occurred. The first *Rauser* prong requires a prisoner to prove that he engaged in constitutionally protected conduct which led to the alleged retaliation. In keeping with the *Rauser* analysis, the second prong requires the prisoner to show that he has suffered some adverse action at the hands of prison officials. The third *Rauser* factor requires the prisoner to establish a causal link between the constitutional right exercised, and the adverse action taken against him. *Rauser*, 241 F.3d at 333 (citing *Allah v. Seiverling*, 229 F.3d 220, 225 (3d. Cir. 2000) ).  If the plaintiff can show that the constitutionally protected conduct "was a substantial or motivating factor in the challenged decision, prison officials may still prevail by proving that they would have made the same decision absent the protected conduct for reasons reasonably related to a legitimate penological interest."  *Id.* at 334.

7.     Indeed, a prisoner has a constitutional due process right of access to the courts. *Bounds v. Smith*, 430 U.S. 817 (1977); *Lewis v. Casey*, 518 U.S. 343 (1996). In the instant case, assuming arguendo, Plaintiff has demonstrated he has engaged in constitutionally protected conduct leading to his claim of retaliation, he must demonstrate that actions taken by the defendants are the result of retaliatory motivation.

8.      Plaintiff's conduct leading to his claim of retaliation begins with his filing of a lawsuit on February 13, 2007. He alleges that he "has been threatened by Dr. Dale

Rogers . . . nurse Gani Neal, nurse Rebecca Vliet, and other CMS staff." He further states, "nurse Neal and Dr. Rogers informed me that since I wish to sue, they would 'fix my ass' and nurse Neal and Vliet had the building Sgt. Remove all medications from my quarters." Plaintiff pleads with the court to issue an order "telling CMS and its staff to stop threating (sic) and harressing (sic) me, to issue my nitro and pain-off pills."

9.    On or about May 9, 2007, a CMS medical doctor (signature illegible), wrote a medical status report on Mr. Booze, plaintiff, which describes plaintiff's current medical conditions and recommended medication list. See Correctional Medical Services Inter Disciplinary Progress Notes attached as Exhibit "A".  Notwithstanding Plaintiff's need for extensive medical treatment, and his fraught requests for medication, he repeatedly refused to accept necessary medical treatment and recommendations.  See Correctional Medical Services Release of Responsibility attached 10 pages as Exhibit "B".  Given the details of plaintiff's medical history and treatment, coupled with plaintiff's blatant refusal to take his prescribed medication, he cannot demonstrate a violation of his Eighth Amendment right to adequate medical care has occurred. See Estelle v. Gamble, 429 U.S. 97, 106 (1976); accord White v. Napolean, 897 F.2d 103, 109 (3d Cir. 1990). There is nothing in the record to show that prison officials acted with intent or recklessness evidencing a deliberate indifference to plaintiff's medical needs. See Estelle, 429 U.S. at 105. "Where the plaintiff has received some care, inadequacy or impropriety of the care that was given will not support an Eighth Amendment claim." Norris v. Frame, 585 F.2d 1183, 1186 (3d Cir. 1978).

10.    One year earlier on May 13, 2006, during medication administration pass, Plaintiff falsely reported to the nursing staff that he was without medication. See

Incident Report #1032430 attached as Exhibit "C". He presented nurse Vliet with empty medicine bottles, cards and boxes to support his claim. Id. Recognizing that plaintiff was abusing his privileges in the "KOP" program for self-medication, "all medication [was] confiscated and returned to the medical department. The nurses will now be given him his medication each day." Id. The medical staff took immediate action to ensure there is no confusion over medication administered and the appropriate dosages. Id. Such measures prevent a risk of harm to plaintiff, and others who potentially could find and ingest the pills. Id. For example, permitting plaintiff to have the security staff inform nurses that he is out of medications may result in him not receiving the proper medications which have been ordered. See Exhibit C. In essence, Plaintiff engaged in the dangerous practice of hoarding medications for improper and illegal purposes. Id. As a result, the medical staff required that all of Plaintiff's medications were to be administered by the medical staff on a daily basis. Id.

11.     Plaintiff has failed to produce any evidence that Warden Carroll or any security staff at Delaware Correctional Center interfered with plaintiff's right to access the courts. Moreover, he has failed to demonstrate that prison officials took adverse action against him for pursuing legal redress. Yet, he urges the court to prevent defendants from retaliating against him. (D.I. 8).

12.     There is no sufficient record evidence that prison officials have refused appropriate accommodations for Plaintiff's access to court needs. To the contrary, a review of the District Court docket confirms that plaintiff has the ability to access the court. Clearly, the record does not support that Plaintiff was denied access to legal research, legal documents or access to the law library. In fact, all inmates regardless of

their housing units or medical conditions are eligible to access the library services free of charge. See Michael Little, Legal Services Administrator Affidavit attached as Exhibit "D" with attachment 1.

13.    Plaintiff cannot demonstrate that any constitutionally protected conduct was a "substantial or motivating factor" in the alleged retaliatory conduct. Contrary to claims of retaliatory adverse treatment, any actions to remove Plaintiff's medications from his cell after he abused his privileges and placed himself and fellow inmates' health and safety at risk, were reasonably related to legitimate penological objectives. The inmate rules of conduct identify creating a health, safety or fire hazard as a class one disciplinary infraction. Lying and possession of non-dangerous contraband are class two offenses. All disciplinary infractions may be subject to disciplinary action. (See Disciplinary Report # 1024975 attached as Exhibit "E").

14.    In the instant case, Plaintiff acknowledges that he has utilized the law library services to research and prepare legal documents. However, to engage in such practices as lying about the administration of medications in an effort to obtain an excess of the required dosages is clearly an abuse of a prisoner's self-medication privileges afforded Plaintiff, and a blatant disregard for institutional rules and regulations. Plaintiff's use of his serious medical condition to obtain more medication than is prescribed certainly creates great health and safety risks within the prison administration. Exhibit C. Prison administrators have a legitimate interests in managing institutional security and safety. *Turner v. Safely*, 482 U.S. 78, 89 (1987). To curtail abuses of self-medication privileges, as is evident in this case, enforcement of the inmate rules of conduct is necessary. So far, Plaintiff seeks to invoke the court's power to issue an

extraordinary writ as injunctive relief merely to compel the prison officials to comply with his ever unreasonable demands for unregulated medication administration.

15.    Although Plaintiff must satisfy this second requirement by indicating the action was sufficient to deter a person of ordinary firmness from exercising his constitutional right, Warden Carroll contends that his staff has taken no action against Plaintiff to deter his pursuit of his lawsuit. Moreover, there is no record evidence sufficient to support Plaintiff's claim that retaliatory action was taken against him.

16.    Initially, Plaintiff must show that his constitutionally protected conduct was a substantial or motivating factor in the decision to discipline him or retaliate against him. *Mount Healthy Bd. of Ed. v. Doyle*, 429 U.S. 274, 287 (1977). However, under the burden-shifting framework used to decide whether retaliation occurred, Defendants must then prove by a preponderance of the evidence that they would have taken the same action even in the absence of the protected activity. *Rauser*, 241 F. 3d at 333. The *Turner* Court, considering the difficult tasks of prison administration, held that a prison regulation that impinges on the constitutional rights of an inmate is valid if it is "reasonably related to legitimate penological interests."  482 U.S. at 89. Thus, Plaintiff must at the outset prove that his exercise of a constitutional right was a substantial or motivating factor in the challenged decision. However prison officials may refute this claim by showing that they would have acted in the same manner absent the protected conduct for reasons reasonably related to valid penological interests. Upon such a showing, they must prevail over Plaintiff's retaliation claims.

17.    In the beginning, Plaintiff describes the adverse action taken by the prison officials, specifically medical staff as a refusal to permit him self-medication privileges.

This refusal, Plaintiff claims, is an effort to prevent him from pursuing his lawsuit. (D.I. 8). The challenged action of removing medications from plaintiff's cell is merely a legitimate penological interest to control and manage the prisons safety and security. See James Satterfield, Lieutenant, Affidavit attached as Exhibit "F".

**PLAINTIFF CANNOT MAKE A CLEAR SHOWING OF IRREPARABLE HARM**

18.     As has been pointed out above, plaintiff has refused to take medication as prescribed and directed. See Incident Report #1039652 attached as Exhibit "G". He appears to elicit the court's intervention to decide his medication administration. Specifically, Plaintiff suggests to the District Court that he is able to administer his medication without the assistance of the medical staff if the court grants him injunctive relief. (D.I. 8). Plaintiff seeks to encourage the court to disregard the judgment of medical authorities and the prison authorities. In essence, he seeks to dictate the prison administrators' ability to regulate an inmate's medical care.

19.     All the same, to succeed, Plaintiff must demonstrate that the threatened injury is immediate and clearly shown. *See*, *New Jersey Hosp. Ass'n v. Waldman*, 73 F.3d 509, 512 (3d Cir. 1995) (quoting *Merchant & Evans, Inc. v. Roosevelt Bldg. Prods.,* 963 F.2d 628, 932-33 (3d Cir. 1992)). Plaintiff has failed to provide any evidence to demonstrate that he has suffered any actual injury from the removable of medication from his cell or the medical treatment that he subsequently received under the supervision of DCC's medical staff.

20.     Lastly, the Plaintiff does not consider the effect of the injunction on other interested persons as well as the public interest in general. Id.

**CONCLUSION**

Based on the reasons set forth above, Warden Carroll contends that the Plaintiff has not demonstrated an adequate showing to warrant the extraordinary relief that he is requesting. Therefore, respondent respectfully requests the Court deny Plaintiff's motion for injunctive relief.

**STATE OF DELAWARE**
**DEPARTMENT OF JUSTICE**

/s/ Ophelia M. Waters
Ophelia M. Waters, I.D. No. 3879
Deputy Attorney General
820 North French Street, 6th Floor
Wilmington, Delaware 19801
(302) 577-8400
ophelia.waters@state.de.us
Attorney for State Defendants

DATE: May 14, 2007

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

WILLIAM H. BOOZE, IV,        )
                                  )
              Plaintiff,    )
                                  )
              v.          )     C.A. No. 07-82-GMS
                                  )
CORRECTIONAL MEDICAL SERVICES, )
INC., et al,                   )
                                  )
                                  )
             Defendants.    )

## ORDER

AND NOW, this _____ day of _____, 2007, upon consideration of

plaintiff's Motion for Injunction and the Response of Warden Thomas Carroll and

Correctional Medical Services, IT IS HEREBY ORDERED that plaintiff's Motion for

Injunction is DENIED.


_____
United States District Judge

## CERTIFICATE OF SERVICE

I hereby certify that on May 14, 2007, I electronically filed *State*

*Defendants' Answer in Opposition to Plaintiff's Application for Injunctive Relief* with the

Clerk of Court using CM/ECF.  I hereby certify that on May 14, 2007, I have mailed by

United States Postal Service, the document to the following non-registered participant:


William H. Booze, Inmate
SBI # 00256158
Delaware Correctional Center
1181 Paddock Road
Smyrna, DE 19977

Megan T. Mantzavinos, Esq.
Marks, O'Neill, O'Brien & Courtney, P.C.
913 North Market Street, Suite 800
Wilmington, DE  19801


/s/ Ophelia M. Waters
Deputy Attorney General
Department of Justice
820 N. French Street, 6th Floor
Wilmington, DE 19801
 (302) 577-8400
ophelia.waters@state.de.us

# EXHIBIT A

Correctional Medical Services
Inter Disciplinary Progress Notes

Patient Name: Booze William          ID# 25658     Institution: DCC

| Date | Time | Notes | Signature |
|---|---|---|---|
| 5/9/07 | 9⁰⁵ | To whom this may concern, This is a medical status report on Mr. Booze. He is a 61 year old man with the following medical problems: | |

1° Hypothyroidism
2° Large thyroid goiter - causing compressible symptoms
3° hypertension
4° Coronary artery disease : Myocardial infarct X3 in past (coronary artery bypass)
5° Right chest wall mass
6° Headaches - ? Migraine
7° Urinary incontinence

Medication list -
1° Synthroid 0.75 daily
2° Glycerin cream
3° Artificial Tears
4° Ccasa 81 mg daily
5° CTM 4mg Bid
6° Eye Wash - irrigation use
7° Lopressor 25 mg daily
8° Nitroglycerin patch 0.4mg/h →8 hours off a day
9° Selsun shampoo
10° Hytrin 2mg h.s.

7113 Rev 03/04

②

**Correctional Medical Services**
**Inter Disciplinary Progress Notes**

| Patient Name: | Booze William | ID#: 256158 | Institution: DCC |
| --- | --- | --- | --- |

| Date | Time | Notes | Signature |
| --- | --- | --- | --- |
| | | 11° At Dointment | |
| | | 12° Bilateral knee sleeves – | |
| | | 13° Cadrin Mi pain pm | |
| | | 14° Focor 10 mg bs (just started) | |
| | | Recent and ongoing investigation: | |
| | | 1° scheduling for total thyroidectomy | |
| | | and excistonal biopsy of | |
| | | Right chest wall mass – | |
| | | 2° Cardiology – for pre op assessment | |
| | | on 06-08-07 | |
| | | Mr Booze's "KOP" privilege was cancelled | |
| | | on 8/2006 because of "hoarding" mediate | |
| | | Mr Booze is seen in Chronic Care | |
| | | Clinic: last visit on 4/10/07. Mr | |
| | | Booze was upset and agitated. He | |
| | | did seem to have some paranoid | |
| | | ideation. He was refered to | |
| | | Mental Health for assessment. | |
| | | I hope this is to your satisfaction | |
| | | X/ mmy md | |
| | | 5/9/2007 | |

7113 Rev 03/04

# EXHIBIT B

## CORRECTIONAL MEDICAL SERVICES

### RECEIPT FOR MEDICAL PRODUCT

Inmate Name: Boone, William                          ID. 256154

Institution: Oca

Medical Product: Eye Padel                    Date Received: 4/17/07

I verify that I have received the medical product named above. I understand I am fully responsible for the care of this item. I further understand that I may be required to pay for any repair or replacement.

_____

Inmate Signature

_____

Signature of Health Care Staff Dispensing Product

CMS Reviewed 10/03 Sample
s-J-G11-Receipt for Medical Product





CORRECTIONAL MEDICAL SERVICES

RELEASE OF RESPONSIBILITY

Booge William                              9/17/07        1300
_____          _____        2000
Name of Inmate                                Date/Time

256158
_____
Inmate ID Number / Date of Birth


I hereby refuse to accept the following treatment/recommendations:

Eye Patch
_____

_____

_____


I acknowledge I have been fully informed of and understand the above treatments or recommendations and the risk(s) involved in refusing. I hereby release and agree to hold harmless Correctional Medical Services, employees and agents from all responsibility and ill effect, which may result from this action.


Refused to sign                           4/17/07
_____          _____
Inmate Signature                              Date/Time

_____
Witness


The aforementioned inmate has refused the listed medical treatment/recommendations and sign this form.


_____
Witness

_____
Witness

_____
Date/Time
7120 Rev 09/01/2004



**CMS**

CORRECTIONAL MEDICAL SERVICES

RELEASE OF RESPONSIBILITY

Booze, William                    3/22/07
Name of Inmate                    Date/Time

256.158
Inmate ID Number / Date of Birth

I hereby refuse to accept the following treatment/recommendations:

By Dros
CTM Up

I acknowledge I have been fully informed of and understand the above treatments or recommendations and the risk(s) involved in refusing. I hereby release and agree to hold harmless Correctional Medical Services, employees and agents from all responsibility and ill effect, which may result from this action.

Refused to Sign                   3/22/07 1600
Inmate Signature                  Date/Time

Witness

The aforementioned inmate has refused the listed medical treatment/recommendations and sign this form.

Slovein                3/22/07 1600
Witness

Cpl Gerald Marshall
Witness

Date/Time
7120 Rev 09/01/2004



**CORRECTIONAL MEDICAL SERVICES**

**RELEASE OF RESPONSIBILITY**

BOOZE, William                    02-14-07

Name of Inmate                    Date/Time

256158              C272

Inmate ID Number / Date of Birth

I hereby refuse to accept the following treatment/recommendations: Refused medication. States " I do not
want he waking up at this time of the night.

I acknowledge I have been fully informed of and understand the above treatments or recommendations and
the risk(s) involved in refusing.  I hereby release and agree to hold harmless Correctional Medical Services, its
employees and agents from all responsibility and ill effect, which may result from this action.

_____          02-14-07

Inmate Signature                  Date/Time

_____

Witness

The aforementioned inmate has refused the listed medical treatment/recommendations and has refused to
sign this form.

_____

Witness

Lt 2 Flix

Witness

KOLavaLaLpa

Date/Time:

7120 Rev 09/01/2004

22CL12



**CMS**

CORRECTIONAL MEDICAL SERVIC S

RELEASE OF RESPONSIBILITY

BOOZE WILLIAM          2/27/07     AM .

Name of Inmate                    Date/Time

256158   12/30/45

Inmate ID Number / Date of Birth

I hereby refuse to accept the following treatment/recommendations:

Lopressor 25mg, MVI, Synthroid 0.75mg, ECASA 81mg,
CTM 4mg.

I acknowledge I have been fully informed of and understand the above treatments or recommendations and the risk(s) involved in refusing. I hereby release and agree to hold harmless Correctional Medical Services, its employees and agents from all responsibility and ill effect, which may result from this action.

REFUSED

Inmate Signature                  Date/Time

Witness

The aforementioned inmate has refused the listed medical treatment/recommendations and has refused to sign this form.

Sgt. Mar

Witness

Witness

2/27/07

Date/Time
7120 Rev 09/01/2004

CORRECTIONAL MEDICAL SERVICES

RELEASE OF RESPONSIBILITY

Boone, William                    2/27/07

Name of Inmate                    Date/Time

256 154

Inmate ID Number / Date of Birth

I hereby refuse to accept the following treatment/recommendations:

He, true lap

CTMune

I acknowledge I have been fully informed of and understand the above treatments or recommendations and the risk(s) involved in refusing. I hereby release and agree to hold harmless Correctional Medical Services, its employees and agents from all responsibility and ill effect, which may result from this action.

refused to sig.

Inmate Signature                    Date/Time

Witness

The aforementioned inmate has refused the listed medical treatment/recommendations and has refused to sign this form.

Witness

Witness

Date/Time
7120 Rev 09/01/2004

CORRECTIONAL MEDICAL SERVICES

RELEASE OF RESPONSIBILITY

_Booze William_                    _2/18/07 / 16 30_

Name of Inmate                     Date/Time

_256168    / 12/30/46_

Inmate ID Number / Date of Birth

I hereby refuse to accept the following treatment/recommendations:

_HS meds_ _____

_____

_____

I acknowledge I have been fully informed of and understand the above treatments or recommendations and
the risk(s) involved in refusing. I hereby release and agree to hold harmless Correctional Medical Services, its
employees and agents from all responsibility and ill effect, which may result from this action.

_Refused_

Inmate Signature                   Date/Time

_[signature]_

Witness

The aforementioned inmate has refused the listed medical treatment/recommendations and has refused to
sign this form.

_[signature]_

Witness

_R. Luvace L. Sletton_

Witness

_2/18/07   1630_

Date/Time

7120 Rev 09/01/2004



## CORRECTIONAL MEDICAL SERVICES

### RELEASE OF RESPONSIBILITY

Boozer William                          2/15/07
**Name of Inmate**                      **Date/Time**

256158
**Inmate ID Number / Date of Birth**

I hereby refuse to accept the following treatment/recommendations:

CTm Yng  PO QHS
H Tara 2mg PO QHS

I acknowledge I have been fully informed of and understand the above treatments or recommendations and the risk(s) involved in refusing. I hereby release and agree to hold harmless Correctional Medical Services, its employees and agents from all responsibility and ill effect, which may result from this action.

refused                                 2/15/07
**Inmate Signature**                    **Date/Time**

_____
**Witness**

The aforementioned inmate has refused the listed medical treatment/recommendations and has refused to sign this form.

_____
**Witness**

Veronica Salter
**Witness**

_____
**Date/Time**
7120 Rev 09/01/2004

CORRECTIONAL M~~~L SERVIC! S

RELEASE OF RESPONSIBILITY

Booge William                    2/22/07
Name of Inmate                   Date/Time

        256 158    12/30/46
Inmate ID Number / Date of Birth


I hereby refuse to accept the following treatment/recommendations:

Neytrin 2ng
Ctm 4ng


I acknowledge I have been fully informed of and understand the above treatments or recommendations and the risk(s) involved in refusing. I hereby release and agree to hold harmless Correctional Medical Services, its employees and agents from all responsibility and ill effect, which may result from this action.

refused to Sign              2/22/07
Inmate Signature             Date/Time

Lincoln
Witness


The aforementioned inmate has refused the listed medical treatment/recommendation and has refused to sign this form.

Sgt. Veronica Benloch
Witness

Lincoln    2/22/07
Witness


Date/Time
7120 Rev 09/01/2004



CORRECTIONAL MEDICAL SERVICES

RELEASE OF RESPONSIBILITY

Boogie Williams                    2/28/07

Name of Inmate                     Date/Time

256158

Inmate ID Number / Date of Birth

I hereby refuse to accept the following treatment/recommendations:

Weight loss

CTM 4mg

I acknowledge I have been fully informed of and understand the above treatments or recommendations and the risk(s) involved in refusing. I hereby release and agree to hold harmless Correctional Medical Services, its employees and agents from all responsibility and ill effect, which may result from this action.

refused to sign.

Inmate Signature                   Date/Time

Witness

The aforementioned inmate has refused the listed medical treatment/recommendations and has refused to sign this form.

Witness

Witness

Date/Time

7120 Rev 09/01/2004

# EXHIBIT C

| Incident# | **DCC Delaware Correctional Center** | **Date:** 05/08/2007 |
|---|---|---|
| 1032430 | **Smyrna Landing Road** | |

**SMYRNA DE, 19977**
**Phone#: 302-653-9261**

## INCIDENT REPORT

| Group#: N/A | Type: Inmate Involved | Incident Date: 05/14/2006 | Time: 09:30 | Confidential: No |
|---|---|---|---|---|

**Facility:** DCC  Delaware Correctional Center

**Followup Required :** No

**Associated Disciplinary Report #(s)** 1024975

**Incident Location:** Bldg.22 C Tier

**Location Description:** Cell Lower 12

**Violated Conditions:** 2.03/200.106 Creating a Health, Safety or Fire Hazard

2.10/200.213 Lying

2.13/200.111 Possession of Non-Dangerous Contraband

**Description of Incident:**

May 13 2006  bldg 22 Cell Lower 12 approximately 1600. During medication administration pass I/M Booze informed myself Becky Vliet, that he has been out of all of his medications except for one(1) for weeks.  He showed me empty bottles, cards, and boxes.  Thirty days of one such medication was administered on 4/15 by me personally.  I/M Booze was given a sufficient amount to self medicate through today.  Additionally, according to medical documentation, I/M Booze should still have at least another 30 days of four other medications.  Some of the medications Mr. Booze claims he is supposed to be getting were stopped more than a month ago by Dr. Rodgers.  Mr. Booze was informed of the changes by nursing staff at that time, however, he  continues to have security staff inform nurses that he is out of these medications.  These claims then have to be researched by nursing staff which is wasting time.  Allowing this to continue may result in Mr. Booze not receiving the proper medications which are ordered to be given to him due to Security and Medical staff continually being  told these lies. Also, if Mr. Booze is hoarding medications and/or giving them to someone else, it could cause a risk to himself and those around him who might find/receive and take them.

| Injured Persons | Hospitalized | Nature Of Injuries | |
|---|---|---|---|
| N/A | N/A | N/A | |

**Evidence Type:** all medication were confinscated and returned to the medical departme    **Date Collected:** N/A

**Discovered By :,** N/A                                    **Secured By:,** N/A

**Type of Force Used []    PHYSICAL  []    CHEMICAL []    STUN []    OTHER []    CAPSTUN [X]    NONE**

**Restraints Used    :** N/A

**Immediate Action Taken:**

Lt. Satterfield was notified and report was written.

| Individuals Involved | | | |
|---|---|---|---|
| **Person Code** | **Name** | **SBI#** | **Title** |
| Staff | Rebecca, Vliet | N/A | Contractors - Medical |
| Inmate | William, Booze H | 00256158 | N/A |

**Reporting Officer:** Vliet, Rebecca  (Contractors - Medical)          **Entered By:** Vliet, Rebecca  (Contractors - Medical)

| Approval Information |
|---|

X   **Approved**  |   **Disapproved**   **Date:** 05/14/2006  **Approved by:** Satterfield, James P  (Staff Lt./Lt)

**Comments:** all medication were confinscated and returned to the medical department the nurses will now be given him his medication each day.

# EXHIBIT D

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

WILLIAM H. BOOZE, IV,                )
                                     )
          Plaintiff,              )
                                     )
v.                                   )    C.A. No. 07-82-GMS
                                     )
CORRECTIONAL MEDICAL SERVICES, )
INC., et al,                         )
                                     )
                                     )
          Defendants.             )

### AFFIDAVIT OF MICHAEL LITTLE

I, Michael Little, Legal Services Administrator having been duly sworn according to the law, do hereby depose and state the following:

1.      I am employed by the State of Delaware, Department of Correction at the Delaware Correctional Center ("DCC") near Smyrna, Delaware as Legal Services Administrator. I have been employed by the Department of Correction for 17 years. My duties include supervision of all law libraries at DCC. I have held this position since April 18, 2004.

2.      In response to a request from the State of Delaware Department of Justice, I have obtained documentation relating to the frequency of inmate William Booze's SBI #256158 law library uses, the number of uses of the prison's notary, and the frequency and volume of copied pages of legal material provided to Mr. Booze by the Delaware Correctional Center.

3.      Attached hereto as Exhibit 1, is a printed log of Mr. Booze's Maximum Housing Unit (MHU) Law Library Requests. It is broken down by dates with a description of the materials and services requested, along with those items received. It was generated by a

review of the law library requests documentation. This log shows that during the period between April1, 2006 through May 2007, Mr. Booze requested and received MHU law library services 49 times. In addition to the MHU library requests, Mr. Booze received paralegal assistance from the Main Law Library 0 times and has obtained the use of the prison notary 1 time. Mr. Booze has made 10 requests and received 370 photocopies of legal materials from the previously mentioned time period. This number does not reflect the number of pages of case law materials which have been provided to Mr. Booze. The use of law library facilities, including the use of a notary and photocopying is provided to inmates free of charge.

4.    Mr. Booze continues to have access to the above-listed legal resources.

5.    I have made these statements based upon my personal knowledge, specialized training, and experience as an employee of the Department of Correction.

Michael Little

SWORN TO AND SUBSCRIBED BEFORE ME THIS _14th_ DAY OF _May_, 2007.

NOTARY

# ATTACHMENT



STATE OF DELAWARE
DEPARTMENT OF CORRECTION
DELAWARE CORRECTIONAL CENTER
Legal Services Administrator
Smyrna Landing Road
SMYRNA, DELAWARE 19977
Telephone: (302) 653-9261
Fax: (302) 659-6687

May 14, 2007

Law Library Usage for William Booze #256158

During the time period in question MHU Law Library operated two different ways, the first being by scheduled Law Library appointments, the second by mail requests only. During the time period that MHU Law Library was scheduled appointments I/M William Booze's #256158 breakdown of Law Library useage was as follows:

| Month | No. Scheduled Appointments | No. No Shows | Activity |
|-------|---------------------------|--------------|----------|
| April | 7 | 0 | Almanac, Title 11, Notary, Research |
| May | 9 | 2* | SB 220, HB 210, Title 11, Title 16 |
| June | 9 | 1 | Almanac, Cases(+4), FRCP, Crt Frms, paper |
| July | 7 | 0 | Photocopies, Cases (+4), Almanac, Title 11, Cases (+4), paper, Cases (+4) |
| August | 8 | 3 | Almanac, Crt Forms, photocopies, |
| September | 3 | 2* | Photocopies, Court forms |
| October | 9 | 0 | Crt Forms, Blacks Law Dict., photocopies, Cases (+4), HB 210, TIS Benchbook, Title 11, Citebook, Atl Digest 2d. 21, 2D, 3, Cases (+4) |
| November | 6 | 0 | FRCRP, Crt Forms, Almanac, Attorney Directory, Atl Digest 2d 13A & 13B |
| December | 3 | 2* | Atl Digest 2d 27C & 27D, Title 12, photocopies |

- On 5/2/06 Bldg 22 did not send any Inmates for Law Library
- On 9/29/06 Law Library was closed for Paralegal Training
- On 12/8/06 Bldg. 22 did not send any Inmates for Law Library

During the time period that I/M William Booze came to MHU Law Library he requested and received Notary Service 1 time.

During the time period that I/M William Booze came to MHU Law Library he requested photocopies:

| July 7, 2006 | 22 pgs. | Grievance Appeal |
| July 19, 2006 | 8 pgs. | Post Conviction Appeal |
| July 19, 2006 | 8 pgs. | District Court 1983 |
| July 26, 2006 | 8 pgs | Medical Grievance |
| August 10, 2006 | 2 pgs | Medical Bill |
| August 14, 2006 | 8 pgs | Medical Letter |
| September 26, 2006 | 57 pgs | Exhibits for Attorney |
| December 1, 2006 | 14 pgs | District Court Forma Pauperis & Statement of Account |

After the switch to law library requests by mail only I/M William Booze has only requested items from MHU Law Library on four occasions. The first was on January 24 , 2007. Which was a packaged dropped off during Chow by Security Staff because it was too large for the Law Library box. The second request was on February 26, 2007 for photocopies, which were processed and returned to him on February 26, 2007. The third was on May 8, 2007 for photocopies. I/M Booze was escorted to MHU Law Library by Security Staff during Chow and left items to be photocopied which were completed and returned that day. The final request was logged in to MHU Law Library on 5/14/07 and is a request for photocopies of a District Court Order and for U.S. Marshal 285 forms which will be sent to I/M Booze this date.

# EXHIBIT E

Disciplinary# 1024975

DCC  Delaware Correctional Center
Smyrna Landing Road
SMYRNA DE, 19977
Phone No. 302-653-9261

Date: 05/14/2006

## DISCIPLINARY REPORT

Disciplinary Type: Class1 | Housing Unit Bldg 22 | IR#: 1032430

| SBI# | Inmate Name | Inst. Name | Location Of Incident | Date | Time |
|------|-------------|------------|---------------------|------|------|
| 00256158 | Booze, William H | DCC | Bldg.22 C Tier | 05/14/2006 | 09:30 |

Violations: 2.03/200.106 Creating a Health, Safety or Fire Hazard, 2.10/200.213 Lying, 2.13/200.111 Possession of Non-Dangerous Contraband, /200.112 Abuse of Prescribed Medication

Witnesses:1. N/A,                    2. N/A                    3. N/A

### Description of Alleged Violation(s)

May 13, 2006  1600.   During Medication Administration Pass, I/M Booze Informed Me That He Is Out Of All Medications Except One And Has Not Received Them For Weeks.  Medical Documentation Shows That Mr. Booze Was Given Sufficient Medication Through Today On One Medication, And For At Least Another 30 Days On The Remaining 4.  Some Of The Medications He Is Claiming To Be Out Of Are No Longer Ordered For Him And He Was Informed Of This By Nursing When They Were Stopped Over A Month Ago.  His Claims Are Disruptive During Medication Pass And Reasearching Them Is Time Consuming.  Incidents Such As This Have Been Frequent Since His Arrival In The Mhu.

Reporting Officer: Vliet, Rebecca  (Contractors - Medical)

### Immediate Action Taken

Immediate action taken by: Vliet, Rebecca  -Contractors - Medical

Lt. Notified And Report Written

### Offender Disposition Details

Disposition: N/A                    Date: N/A          Time: N/A          Cell secured? No

Reason: N/A

Disposition Of Evidence: All Medication Were Confiscated And Returned To The Medical Department The Nurses Will Now Be Given Him His Medication Each Day.

### Approval Information

Approved: [x]   Disapproved: [ ]   Approved By: Satterfield, James P (Staff Lt./Lt)

Comments: N/A

### Shift Supervisor Details

Date Received: 05/14/2006      Time: 15:07      Received From: Satterfield, James P

Shift Supervisor Determination:

[ ]   Upon reviewing this Disciplinary Report, I conclude that the offense may be properly responded to by an immediate revocation of the following privileges(see reverse side) for _____ hours not to exceed 24 hours)

[X]   Upon reviewing this Disciplinary Report, I conclude that the offense would be properly responded to by Disciplinary Hearing.

Satterfield, James P (Staff Lt./Lt)

I have received a copy of this notice on DATE: 5-14-06  TIME: 1515  and have been informed of my rights to have a hearing and to present evidence on my own behalf. I understand, if found guilty, I will be subject to imposition of sanctions outlined in the Rules of conduct.

Preliminary Hearing
Officer:                                                    Offender:

Satterfield, James P                                      Booze, William H

Page 1 of 1

# EXHIBIT F

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

WILLIAM H. BOOZE, IV,                    )
                                         )
                    Plaintiff,           )
                                         )
          v.                             )        C.A. No. 07-82-GMS
                                         )
CORRECTIONAL MEDICAL SERVICES, )
INC., et al,                             )
                                         )
                                         )
                    Defendants.          )

## AFFIDAVIT OF LT. JAMES SATTERFIELD

I, James Satterfield, having been duly sworn according to law, depose and state as follows:

1.      I make this Affidavit based upon personal information.

2.      I am employed by the State of Delaware's Department of Correction as a Correctional Lieutenant at the Delaware Correctional Center ("DCC") in Smyrna, Delaware.

3.      I have been a Lieutenant since 2002. My duties include supervising staff and inmates within the prison while enforcing institutional policy, rules and regulations. I review for approval incident reports prepared during my shift. I also conduct area checks of the area for which I supervise. I am in charge of directing the confiscation of contraband in the prison, and detecting security breaches in the system.

3.      On May 13, 2006, I was the supervisor for the 8:00 a.m. to 4:00 p.m. shift. My supervisory duties included Building 22 in MHU, the maximum security housing unit, as well as several other buildings.

4.      At approximately 9:30 a.m. on May 13, 2006, the nurse on duty, Rebecca Vliet,

cell. Nurse Vliet prepared a written incident report outlining the institutional violations alleged against William Booze. I told her that I would have the staff to get the medication and bring it back to her at the nurses' station.

4.      As the area Lieutenant, I approved the written report, and served William Booze with the written report. I informed William Booze of his rights to a disciplinary hearing to address the charges against him. An inventory list was prepared of all of the medications. Willaim Booze did receive a copy of the inventory list. All items were removed from Booze's cell as directed and turned over to Nurse Rebecca Vliet.

5.      I do not handle disciplinary hearings for the violations inmates have been charged with committing.

6.      On May 13, 2006, I prepared a disciplinary report documenting the events set forth in this Affidavit.

Lt. James Satterfield

**SWORN AND SUBSCRIBED** before me this _14th_ day of May, 2007.

Notary

Brian D. Engrem
Notary Public, State of Delaware
My Commission Expires June 14, 2008

# EXHIBIT G

| Incident#  |
|------------|
| 1039652    |

**DCC Delaware Correctional Center**
**Smyrna Landing Road**
**SMYRNA DE, 19977**
**Phone#: 302-653-9261**

Date: 05/08/2007

## INCIDENT REPORT

| Group#: N/A | Type: Inmate Involved | Incident Date: 02/14/2007 | Time: 02:45 | Confidential: No |
|---|---|---|---|---|

Facility: DCC Delaware Correctional Center                                    Followup Required : No

Incident Location: 22

Location Description: A, B, and C Tiers MHU 22

Violated Conditions:

Description of Incident:

MEDICATION REFUSAL

On the above date and approximate time, the following inmates refused to take medication as prescribed and directed:

Rodgers, Emmanuel - 00268170
Robinson, Charles - 00342781
Heesh, Reese - 00304339
Booze, William - 00256158
Gordon, Gary - 00308765

The above refusals were documented by medical staff (Lavala, Kay) on medication refusal forms. Sgt. Glick, Lisa signed all refusals.

Area Lieutenant: Lt. Gaddis, Zachary was notified of the above refusals. Incident report completed. - End of report.

| Injured Persons | Hospitalized | Nature Of Injuries |
|---|---|---|
| N/A | N/A | N/A |

Evidence Type: N/A                                                          Date Collected: N/A

Discovered By : N/A                                          Secured By: N/A

Type of Force Used [ ]   PHYSICAL   [ ]   CHEMICAL [ ]   STUN [ ]   OTHER   [ ]   CAPSTUN [X]   NONE

Restraints Used    : N/A

Immediate Action Taken:

Refusals were documented by medical staff (Lavala, Kay) on medication refusal forms. Sgt. Glick, Lisa signed all refusals.
Area Lieutenant: Lt. Gaddis, Zech was notified of the above refusals. Incident report completed

### Individuals Involved

| Person Code | Name | SBI# | Title |
|---|---|---|---|
| Staff | Lisa, Glick L | N/A | CO Corporal/Sgt. - Large Inst. |
| Inmate | Emmanuel, Rodgers L | ~~redacted~~ | N/A |
| Inmate | Charles, Robinson M J | ~~redacted~~ | N/A |
| Inmate | Reese, Heesh D | ~~redacted~~ | N/A |
| Inmate | William, Booze H | 00256158 | N/A |
| Inmate | Gary, Gordon | ~~redacted~~ | N/A |

Reporting Officer: Glick, Lisa L (Co Corporal/Sgt. - Large Inst.)      Entered By: Glick, Lisa L (Co Corporal/Sgt. - Large Inst.)

### Approval Information

| X | Approved | Disapproved Date: 02/14/2007 Approved by: Gaddis, Zachary (Staff Lt./Lt)

Comments: N/A