IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WILLIAM H. BOOZE, IV, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. Action No. 07-82-GMS |
| | ) |
| CORRECTIONAL MEDICAL SERVICES, | ) |
| et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM ORDER

At Wilmington, this 15TH day of June, 2007;

The plaintiff, William H. Booze ("Booze"), a prisoner housed at the Delaware Correctional Center, filed this lawsuit pursuant to 42 U.S.C. § 1983. He proceeds *pro se* and was granted leave to proceed *in forma pauperis*. (D.I. 6.) Pending before the court is Booze's letter/motion for injunctive relief to provide medical services, to preclude the defendants from interfering with Booze's right to access the courts, and to stop defendants from taking retaliatory action against Booze. (D.I. 8.) The parties have not yet been served, and therefore, the court ordered Warden Thomas L. Carroll ("Warden Carroll") and Correctional Medical Services ("CMS") to respond to the letter/motion. (D.I. 9.) Both Warden Carroll and CMS filed their response on May 14, 2007. (D.I. 16, 18.)

A party seeking a preliminary injunction must show: (1) a likelihood of success on the merits; (2) that it will suffer irreparable harm if the injunction is denied; (3) that granting preliminary relief will not result in even greater harm to the nonmoving party; and (4) that the public interest favors such relief. *Kos Pharmaceuticals, Inc. v. Andrx Corp.*, 369 F.3d 700, 708

(3d Cir. 2004)(citation omitted). "Preliminary injunctive relief is 'an extraordinary remedy' and 'should be granted only in limited circumstances.'" *Id.* (citations omitted).

Booze asserts that on February 13, 2007, all medication was removed from his quarters and he was told as long as he was filing law suits certain medical personnel "would see to it that [he] suffered." (D.I. 8.) Booze contends he has constant pain, but is refused "pain-off's" for the pain even though it was prescribed. Booze also refers to two previously mailed letters to the court, neither of which were received.

Documents submitted by Warden Carroll and CMS indicate that Booze has a number of medical conditions and is prescribed a number of medications, including Synthroid, Lopressor, nitroglycerin patch, Excedrin and Zocor. The records indicate that in the past, Booze had "KOP" (i.e., keep on person) privileges to self-medicate, but the privilege was cancelled on prior occasions, and as recently as February 13, 2007, due to Booze "hoarding" medication. There was concern that the hoarding could cause harm to Booze or those around him if quantities of medications were readily available in Booze's cell. As a result, certain of his medications, such as nitroglycerin, are nurse-administered, while Booze has "KOP" privileges for other medications. The record further reflects that on numerous occasions Booze has refused his medication. Finally, the affidavit of Legal Services Administrator, Michael Little, and other documents indicate that Booze has adequate access to the courts.

Upon review of the allegations made by Booze and the documents submitted by Warden Carroll and CMS, the court concludes that Booze has not demonstrated the likelihood of success on the merits. Proof of a retaliation claim requires that Booze demonstrate (1) he engaged in protected activity; (2) he was subjected to adverse actions by a state actor; and (3) the protected activity was a substantial motivating factor in the state actor's decision to take adverse action.

*Anderson v. Davila,* 125 F.3d 148, 160-61 (3d Cir. 1997) (citing *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274 (1977); *see also Allah v. Seiverling*, 229 F.3d 220, (3d Cir. 2000) (a fact finder could conclude that retaliatory placement in administrative confinement would "deter a person of ordinary firmness from exercising his First Amendment rights" (citations omitted)). To the extent that Booze's claim of retaliation is based upon the denial of medications, the record does not support a claim of deliberate indifference to a serious medical need. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Rather, the record reflects that Booze lost his "KOP" medication privileges due to recurrent hoarding of medications. As to his access to courts claim, again Booze has not met his burden for injunctive relieve. *See Bounds v. Smith*, 430 U.S. 817, 822 (1977) (prisons must give inmates access to law libraries or direct legal assistance). The record indicates that Booze receives appropriate access to the courts and, it appears that the court is receiving Booze's filings. Given the exhibits submitted to the court by Warden Carroll and CMS, Booze has not demonstrated the requisites necessary for issuance of a temporary restraining order, particularly the prongs requiring a demonstration of the likelihood of success on the merits or a showing of irreparable harm.

Accordingly, based upon the foregoing analysis, Booze's letter/motion for injunctive relief (D.I. 8) is **denied**.

UNITED STATES DISTRICT JUDGE

FILED
JUN 15 2007
U.S. DISTRICT COURT
DISTRICT OF DELAWARE